GARDNER *v.* HILL, TRUSTEE.

4-5327                                    123 S. W. 2d 1071

Opinion delivered January 16, 1939.

*J. R. Long* and *A. D. Shelton,* for appellant.

*William G. Bouic,* for appellee.

HOLT, J.  This case comes here on appeal from the action of the chancellor of the Garland chancery court in overruling the demurrer of appellant (plaintiff below) to the answer and cross-complaint of appellee (defendant below) and the dismissal of the appellant's complaint.

The record reflects that on February 5, 1938, appellant filed a complaint alleging that on the 25th day of January, 1938, an order was entered by the Garland probate court whereby the defendant, Dr. L. A. Hill, now deceased, was directed to collect rents on certain property in Hot Springs, as trustee in succession under the will of Thomas Benjamin Hill.  That under an order made and entered of record on the 22d day of May, 1934, by the Garland probate court, three commissioners were appointed to lay off and set apart in fee simple to Mabel Hill, widow of Thomas Benjamin Hill, as dower interest in the real property of her deceased husband, a one-third interest of his real property of which he died seized and possessed, which one-third interest so set aside to her in fee simple as her dower interest is described as lots 111 and 113, Fox street, and lot 319, Linden street, in the city of Hot Springs, Arkansas.

It is further alleged in the complaint that Mabel Hill married appellant herein, Frank O. Gardner, and following this marriage on February 14, 1935, she executed a warranty deed to one Tate, a single man, conveying this real property, and on the same day Tate executed a warranty deed to Mabel Gardner and Frank O. Gardner, appellant, conveying the same property to them as ten-

ants by the entirety, and that Mabel Gardner having died, title in fee vested in appellant, and that he is now entitled to the possession of said property free from the interference of appellee or anyone else.

The complaint further alleges that appellee claims to be acting under an order of the probate court entered of record April 2, 1935, which is an order attempting to set aside order of May 22, 1934, aforesaid; that said order of April 2, 1935, is void, that appellant was not made a party or served with notice. Then follows appellant's prayer that appellee be restrained and enjoined from interfering with his possession and rights with reference to said property, that the order of April 2, 1935, be canceled and title to said lots declared to be vested in Frank O. Gardner, appellant, in fee simple. Exhibit "A" to appellant's complaint sets out the probate order made on May 22, 1934, which was an order amending and correcting the first order previously made by the court on the 24th day of April, 1934, recorded in book "O," p. 18, the said first order of April 24, 1934, having awarded Mabel Gardner (at that time Mabel Hill) a one-third interest in the real property above described, for her life, and the said order of May 22, 1934, amended said first order so as to award Mabel Hill fee simple title to the said property. Exhibit "B" is the warranty deed executed by Mabel Gardner on the 14th day of February, 1935, to Tate, above referred to. Exhibit "C" is the warranty deed executed on February 14, 1935, by Tate to Mabel Josephine Gardner and Frank O. Gardner, appellant, husband and wife.

Exhibit "D" to said complaint is an order made by the Garland probate court on April 2, 1935, and is as follows: "In the Matter of the Estate of Benjamin Hill, Deceased. Order. On this day comes Mabel Hill Gardner, wife of Thomas Benjamin Hill, deceased, by her attorney, C. T. Cotham, and comes Thomas Dean Hill, the sole heir at law of the said Thomas Benjamin Hill, deceased, by his attorney, W. G. Bouic, and by consent of the court, and of the parties hereto, the petition to amend and correct order allotting widow dower on report of commissioners, is withdrawn, and the order allotting said widow dower in one-third of certain real estate made and entered on the

22d day of May, 1934, is amended and corrected by striking out the word 'one-third' the real estate allotted to said widow by the terms of said order being in fact one-third of the real estate of which the said Thomas Benjamin Hill died seized and possessed to said widow for and during her natural life only.''

To this complaint appellee, on the 8th day of February, 1938, filed answer and cross-complaint, alleging that Thomas Benjamin Hill died testate in 1932 leaving surviving one child, Thomas Dean Hill, and a widow, Mabel Hill (Gardner); that the widow renounced the will and elected to take her dower; that commissioners were duly appointed, who, on January 1, 1934, filed their report with the court setting aside her said dower interest; that on April 24, 1934, the report of said commissioners assigning one-third interest in the real estate of the deceased, Thomas Benjamin Hill, to Mabel Hill (Gardner) for and during her natural life was approved and entered of record in Book "O," p. 18, said petition and order having been filed by the attorney for the executor upon notice served upon appellee herein as guardian of Thomas Dean Hill, a minor and sole heir at law of Thomas Benjamin Hill, deceased.

The answer further alleges that on May 22, 1934, petition to amend and correct the order filed in the name of the executor on April 24, 1934, was filed by the widow without notice to any party in interest and was by the court granted. Further answering, appellee admits that the records of the Garland probate court reflect that on May 22, 1934, petition was filed by the said widow in her name seeking to change certain wording in the order made in the Garland probate court on the 24th day of April, 1934, recorded in book "O," p. 18, without notice to the parties of interest in the estate; that on March 8, 1935, the disabilities of minority of Thomas Dean Hill were removed by the Garland chancery court.

It is further alleged in the answer that as sole heir at law of the late Thomas Benjamin Hill, his father, he did in April, 1935, after the removal of his disabilities, through his attorney, direct the probate court's attention to the void order allotting dower on

May 22, 1934, and caused notice to be served, and in open court ask permission of the court to withdraw said petition and allot dower to the said widow for and during her natural life, which said permission was granted by the court and appears set out in full above as exhibit "D" to the complaint of appellant. Appellee further in his answer denies that the plaintiff, Frank O. Gardner, appellant herein, has any interest in the property described in his complaint, but alleges that any interest which he may have had terminated at the death of his wife, Mabel Hill (Gardner), and the fee title was vested in Thomas Dean Hill, the ward of this defendant, appellee herein.

Appellee in his cross-complaint alleges that the deeds referred to in complaint of appellant are a cloud on the fee title of Thomas Dean Hill and should be canceled and set aside and a general prayer for all further and proper relief.

To this answer and cross-complaint appellant (plaintiff below) filed a demurrer, which was overruled, and plaintiff declining to plead further, his complaint was dismissed.

From this record it appears that Thomas Benjamin Hill died testate leaving a widow, Mabel Hill, and as his sole heir a minor son, Thomas Dean Hill, by a former wife. His widow, Mabel Hill, shortly after the death of Thomas Benjamin Hill, married appellant, Frank O. Gardner. The property involved is the real estate which the deceased, Mabel Hill (Gardner), was allotted during her lifetime as dower in the estate of Thomas Benjamin Hill, deceased. No children were born to the deceased, Thomas Benjamin Hill, and Mabel Hill, his second wife, Thomas Dean Hill being his child by a former marriage. This litigation arose out of the effort of Mabel Hill to convert her dower estate from a life estate to an estate in fee. On April 24, 1934, the Garland probate court, after Mabel Hill had renounced the will of her husband and had elected to take her dower, set aside to her a life estate in the property above referred to. Subsequently on May 22, 1934, without notice to the appellee herein (defendant below), she secured an amended order from the Garland probate court setting aside to her the prop-

erty in question herein in fee simple. · This, according to the record, was an *ex parte* proceeding. Subsequently after Thomas Dean Hill had had his disabilities removed and learning of the order of May 22, 1934, upon due notice to appellant herein and by agreement of Mabel Hill (Gardner) and all parties in interest herein, did on April 2, 1935, secure another order from the Garland probate court which in effect set aside the order of May 22, 1934, and restored the first order made by said court on April 24, 1934. This order of April 2, 1935, is copied in full above and need not be repeated here.

On this state of the record we hold that the order of May 22, 1934, was erroneously made by the Garland probate court and that the order of April 2, 1935, made when all parties were present and to which all interested parties, including Mabel Hill (Gardner), agreed, is binding and controlling. As to the warranty deed executed on February 14, 1935, by Mabel Hill (Gardner) to one Tate, she could convey no better title than she possessed, which this record shows to be but a life estate in the property in question. At her death her interest in said property terminated and the fee simple title to this property being in Thomas Dean Hill, the son and only heir of Thomas Benjamin Hill, his right to possession arose.

Appellant by its demurrer to the answer and cross-complaint of appellee admits all allegations set up therein by appellee (defendant below) to be true. As will be observed from appellee's answer, it was definitely set out therein that Thomas Benjamin Hill died leaving surviving him one child, Thomas Dean Hill, and a widow, Mabel Hill.

We, therefore, conclude that the decision of the chancellor should not be disturbed, and, no errors appearing, the judgment is affirmed.